BY THE COURT:
Upon the petition of the Attorney General and 25 other members of The Florida Bar, presented in accordance with Article XIII of the Integration Rule of The Florida Bar, we are asked to amend Article XVIII, Section II to permit those participating in the Law School Civil and Criminal Practice Program to appear on the behalf of the state in civil as well as criminal matters. The Florida Bar has filed a memorandum in opposition to the amendment, suggesting that our decision should await the outcome of a proposed poll of judges as to the effectiveness of the entire “legal intern” program.
Despite the Bar’s suggestion that we defer a decision, we conclude that the petition should now be granted, without prejudice to a later filing of proposed changes the need for which are brought to light by the Bar’s impending poll. In the fraternal tradition of the legal profession, it has been deemed the duty of experienced practitioners to make available to law students and neophyte lawyers the practical educational opportunities necessary to make them proficient in the practice of law. Classical legal education has of necessity been limited to academic training. However, with the assistance of the organized bar, law schools *647 recently are offering increasing programs for clinical training of law students. It was in response to this perceived need for providing practical legal training that the law school Civil and Criminal Practice Program was recommended by The Florida Bar and adopted by this Court. The response of The Florida Bar to the petition in the instant proceeding advises that an evaluation of the Practice Program is currently being undertaken. Periodic evaluation of any Bar program should not be discouraged. However, stultification of the program during the pendency of such a reevaluation does not appear called for, particularly where the program has met with apparent success and there is no suggestion of any patent deficiencies. There is no allegation that, in fact, the public has been disserved, and all indications are that the educational aspects of the program have been highly successful. Any suggestion of potential adverse economic impact on the profession clearly seems to be outweighed by the educational opportunities afforded to the participants.
Furthermore, the order entered today leaves open the opportunity to revisit the entire program if the Bar’s reevaluation results reflect abuses.
Accordingly, Article XVIII, Section II is amended to renumber existing paragraphs “C” and “D” as “D” and “E”, respectively, and to add a new paragraph “C” to read:
“C. An eligible law student may also appear in any court or before any administrative tribunal in any civil matter on behalf of the state, state officers, or state agencies, with the written approval of the attorney representing the state, state officer, or state agency. The attorney representing the state, state officer, or state agency shall supervise the law student and shall be personally present when required by the court or administrative tribunal, which shall determine the extent of the law student’s participation in the proceeding.”
Pursuant to the inherent powers of the Court under Article V, Section 15 of the Florida Constitution, we also amend Article XVIII, Section VIII of the Integration Rule of The Florida Bar to establish procedures for obtaining the Court’s approval of legal aid organizations authorized to utilize graduates of law school practice programs. A new paragraph “B” is added to this Section to read:
“B. A legal aid organization seeking approval from the Supreme Court for the purposes of this Article shall file a petition with the clerk of the Court certifying that it is a nonprofit organization and reciting with specificity:
(1) The structure of the organization and whether it accepts funds from its clients;
(2) The major sources of funds used by the organization;
(3) The criteria used to determine potential clients’ eligibility for legal services performed by the organization;
(4) The types of legal and non-legal services performed by the organization; and
(5) The names of all members of The Florida Bar who are employed by the organization or who regularly perform legal work for the organization.
Legal aid organizations approved on the effective date of this order need not reapply for approval, but all such organizations are under a continuing duty to notify the Court promptly of any significant modification to its structure or source of funds.”
It is so ordered.
OVERTON, C. J., and ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and BOYD, JJ., dissent.